IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ACHOLAM HANIF**,<br><br>        Plaintiff,<br><br>        v.<br><br>**BANK OF NEW YORK MELLON FKA BANK OF NEW YORK, as trustee for the certificate-holders of the CWABS, Inc., asset-backed certificates, series 2005-16; BANK OF AMERICA NA; DITECH FINANCIAL LLC; MALCOLM & CISNEROS, a law corporation; TRUSTEE CORPS; and NATHAN SMITH**,<br><br>        Defendants. | Case No. 3:16-cv-1820-SI<br><br>**OPINION AND ORDER** |

William J. Macke, WILLIAM J. MACKE & ASSOCIATES, 4411 N.E. Tillamook Street, Portland, OR 97213. Of Attorneys for Plaintiff Acholam Hanif.

James P. Laurick, KILMER, VORHEES & LAURICK, P.C., 732 N.W. 19th Avenue, Portland, OR, 97209. Of Attorneys for Defendant Bank of America NA.

**Michael H. Simon, District Judge.**

        Plaintiff Acholam Hanif ("Hanif") filed this action against Bank of New York Mellon ("BONY"), Bank of America NA ("BOA"), Ditech Financial LLC ("Ditech"), Malcolm & Cisneros, Trustee Corps, and Nathan Smith (collectively, "Defendants"), alleging various causes

PAGE 1 – OPINION AND ORDER

of action in connection with non-judicial foreclosure proceedings initiated against real property located at 8025 N. Fowler Avenue in Portland, OR (the "Property"). Before the Court is BOA's motion to dismiss all claims asserted against it, pursuant to Federal Rule of Civil Procedure 12(b)(6), and BOA's request for judicial notice, asking the Court to consider four documents outside the pleadings. For the reasons below, BOA's request for judicial notice and motion to dismiss are granted in part and denied in part.

## STANDARDS

### A. Motion to Dismiss

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

PAGE 2 – OPINION AND ORDER

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

**B.  Incorporation by Reference and Judicial Notice**

Federal Rule of Civil Procedure 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Consideration of extrinsic evidence does not convert a motion to dismiss into a motion for summary judgment, however, when the Court considers "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice."[1] *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The incorporation by reference doctrine applies when

> the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint.

*Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Under the Federal Rules of Evidence, a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and

---

[1] BOA does not argue that any of the documents it requests the Court to consider are attached to the Complaint. Accordingly, the Court only addresses judicial notice and the doctrine of incorporation by reference.

readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## BACKGROUND

Hanif alleges that he received a loan (the "Loan") from Countrywide Home Loans, Inc. in 2005 in order to purchase the Property.[2] ECF 1 ¶ 5. In connection with the Loan, Hanif signed a promissory note (the "Note") and a deed of trust (the "Deed of Trust"). ECF 1 ¶ 6. At some point after Hanif obtained the Loan, BOA became the Loan's servicer. ECF 1 ¶ 8. On or about October 1, 2010, BOA stopped accepting Hanif's payments, claiming that Hanif was in default on the Loan. ECF 1 ¶ 10. Hanif alleges that in 2013, Defendants Nathan Smith and Malcolm & Cisneros filed a lawsuit on behalf of BONY and BOA, seeking foreclosure of the deed of trust (the "Foreclosure Suit"). ECF 1 ¶ 11. According to Hanif, on or about April 1, 2014, Hanif, BONY, and BOA settled the Foreclosure Suit. ECF 1 ¶ 12, 24. Also according to Hanif, BONY, and BOA agreed to explore a loan modification with Hanif and pay Hanif $5,000 in attorney's fees (the "Settlement Agreement"). ECF 1 ¶¶ 12, 24.

In furtherance of the Settlement Agreement, Hanif applied for a loan modification between April 1, 2014, and March 11, 2015. ECF 1 ¶ 13. From March 11, 2015, through June 21, 2016, Hanif was not provided with any status updates regarding his loan modification application or any mortgage servicing statements by BONY, BOA, or Malcolm & Cisneros. ECF 1 ¶¶ 14, 16. Hanif further alleges that a notice of transfer of servicing rights was never provided to Hanif when Ditech became the Loan's new servicer at some point between April 1, 2014, and May 23, 2016. ECF 1 ¶ 15. As of the filing of this case, Defendants have still not processed Hanif's loan modification application. ECF 1 ¶ 26.

---

[2] The following are allegations taken exclusively from the Complaint. The Court does not adopt these allegations as findings of fact.

Hanif asserts claims against all Defendants for breach of contract, breach of duty of good faith and fair dealing, violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692-92p, violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601-17, violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601-67f, unfair trade practices, declaratory relief, and what Hanif calls "mortgage accounting." BOA moves to dismiss all claims against it.

## DISCUSSION

### A. Incorporation by Reference and Judicial Notice

BOA asks the Court to consider the Note and a letter from BOA to Hanif dated March 25, 2015 under the doctrine of incorporation by reference. The Court observes that Hanif's claims alleging breach of contract and breach of the implied duty of good faith and fair dealing depend on the Note because Hanif alleges that Defendants breached the Note. *Knievel*, 393 F.3d at 1076; ECF 1 ¶ 26. Hanif, however, does not concede the authenticity of either the Note or the letter at this stage of the proceedings.[3] Thus, the Court will not consider the Note or the letter.

BOA also requests that the Court take judicial notice of the Deed of Trust and a stipulation filed in the Foreclosure Lawsuit that announced the Settlement Agreement. The Court finds that the Deed of Trust is a proper subject of judicial notice because it has been recorded in the official records of Multnomah County. It is relevant to the pending motion because Hanif alleges that Defendants breached the Deed of Trust. ECF 1 ¶ 25-26. The Court thus takes judicial notice of the Deed of Trust.

---

[3] Because Hanif does not concede the authenticity of the documents, BOA's citation to *Branch v. Tunnell* is unavailing. 14 F.3d 449, 453-54 (9th Cir. 1994) (applying the doctrine of incorporation by reference because "[n]either side questions the authenticity of the" proffered documents).

PAGE 5 – OPINION AND ORDER

In addition, the stipulation also is a proper subject of judicial notice because it is a court filing. The Court therefore takes judicial notice of the filing of that document. BOA relies on the stipulation as circumstantial evidence that it did not sign the Settlement Agreement because its name is not included in the stipulation announcing the Settlement Agreement. Further, before oral argument, Hanif filed the "Settlement Agreement" itself at the Court's request. ECF 33; ECF 33-1. That Agreement consists of the stipulation and related email correspondence between Hanif's attorney and Defendant Smith on behalf of BONY. The Court will consider the filed Settlement Agreement, which is referenced in the Complaint.

### B.  Breach of Contract and Breach of the Implied Duty of Good Faith and Fair Dealing

Hanif claims that BOA breached the Note, Deed of Trust, and Settlement Agreement by failing to process Hanif's loan modification application. ECF 1 ¶ 25-26. BOA does not respond to Hanif's claim that it breached the Note and Deed of Trust. Hanif, however, has not sufficiently alleged this claim because he does not plead which provisions, if any, of the Note or Deed of Trust BOA allegedly breached.

In response to Hanif's claim that BOA breached the Settlement Agreement, BOA argues that it was not a party to that agreement. *See Barinaga v. JPMorgan Chase & Co.*, 749 F. Supp. 2d 1164, 1178 (D. Or. 2010) (citing *Herron v. Wells Fargo Fin., Inc.*, 299 F. App'x 713, 714-15 (9th Cir. 2008)) (noting that there is "[n]o duty of good faith and fair dealing . . . in the absence of an enforceable contract"); *N.W. Nat. Gas Co. v. Chase Gardens Inc.*, 333 Or. 304, 312-13 (2002) (stating that existence of a contract is a required element for a breach of contract claim). BOA's argument that it was not a party to the Settlement Agreement contradicts the allegations in the Complaint. ECF 1 ¶ 24. Before oral argument, however, Hanif filed a copy of the Settlement Agreement at the Court's request. As previously discussed, the Settlement Agreement consists of a stipulation approved by BONY and Hanif through their respective

PAGE 6 – OPINION AND ORDER

counsel and email correspondence between Hanif's attorney and Defendant Smith on behalf of BONY. ECF 33 at 4; ECF 33-1. The Court finds that BOA did not sign the Settlement Agreement or participate in the email correspondence and thus was not a party to the Settlement Agreement.

Hanif responds, however, that it is "plausible" that BOA was nevertheless a party to the Settlement Agreement through a pooling and servicing agreement ("PSA") between BONY and BOA. ECF 27 at 2. If BOA agreed to be bound by the Settlement Agreement, through the PSA, then, Hanif argues, BOA could be liable for breach of contract and breach of the implied duty of good faith and fair dealing. Hanif, however, has not sufficiently alleged such a relationship between BONY and BOA that would obligate BOA under the Settlement Agreement. Accordingly, the Court dismisses the breach of contract and breach of the implied duty of good faith and fair dealing claims.

## C.  FDCPA

Hanif claims that all Defendants violated the FDCPA in five ways. ECF 1 ¶ 32. Based on the factual allegations in the Complaint, only one of these ways even potentially applies to BOA: Hanif's claim that Defendants "fail[ed] to provide Mr. Hanif with monthly mortgage statements." ECF 1 ¶ 32(a). BOA argues that it is not liable under the FDCPA because (1) it is a loan servicer, not a debt collector; and (2) Hanif has not sufficiently alleged that BOA is a debt collector.[4] Hanif responds only that his FDCPA claim is viable "[i]f [BOA] was responsible for

---

[4] Additionally, BOA argues that actions taken in furtherance of foreclosure are not debt collection activities under the FDCPA. The Court notes that BOA's argument comports with a recent Ninth Circuit opinion holding that "actions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA." *Ho v. ReconTrust Co., NA*, 840 F.3d 618, 621 (9th Cir. 2016). Furthermore, Hanif does not claim that BOA is involved in the pending foreclosure. According to Hanif's allegations, BOA transferred servicing rights to Ditech before the foreclosure. ECF 1

PAGE 7 – OPINION AND ORDER

servicing plaintiff's mortgage at the time plaintiff alleges he submitted applications for a loan modification."[5] ECF 27 at 2.

"To state a claim under the FDCPA, a plaintiff must allege (1) she has been the object of collection activity arising from a consumer debt, (2) the defendant is a debt collector, (3) and the defendant's conduct is prohibited by the FDCPA." *Nguyen v. Madison Mgmt. Servs., LLC*, 2016 WL 4708535, at *7 (D. Or. Sept. 7, 2016). Under the FDCPA, a "debt collector" is

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). The definition also expressly excludes

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person.

*Id.* § 1692a(6)(F)(iii).

Under the exclusion in Section 1692a(6)(F)(iii), other circuits have held that a loan servicer that acquired servicing rights before the debt went into default is not a debt collector under the FDCPA. *See, e.g.*, *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 457 (6th Cir. 2013); *Bailey v. Sec. Nat'l Servicing Corp.*, 154 F.3d 384, 388 (7th Cir. 1998); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). This view finds support in the FDCPA's legislative history. S. Rep. No. 95-382, at 3-4 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1698 (stating that the term debt collector does not include those "mortgage service companies and others who

---

¶¶ 15, 19. Hanif also has dismissed his unfair trade practices and declaratory relief claims against BOA. ECF 27 at 2.

[5] Hanif has the same response to BOA's arguments on the RESPA and TILA claims.

service outstanding debts for others, so long as the debts were not in default when taken for servicing"). Other district courts in the Ninth Circuit have followed this approach. *See, e.g.*, *Klohs v. Wells Fargo Bank, N.A.*, 901 F. Supp. 2d 1253, 1258 (D. Haw. 2012); *Jara v. Aurora Loan Servs.*, 852 F. Supp. 2d 1204, 1210-12 (N.D. Cal. 2012); *Lettenmaier v. Fed. Home Loan Mortg. Corp.*, 2011 WL 3476648, at *13-14 (D. Or. Aug. 8, 2011).

Moreover, in *De Dios v. International Realty & Investments*, the Ninth Circuit considered and adopted the reasoning of the Seventh Circuit's decision in *Bailey* referenced above. 641 F.3d 1071, 1075 (9th Cir. 2011). In *De Dios*, the Ninth Circuit held that a property management company that sent a tenant a demand for unpaid rent was not a debt collector under the FDCPA because it "obtained the right to collect the rent long before" the rent was due. *Id.* at 1074. The Ninth Circuit quoted, with approval, the FDCPA's legislative history discussed above. *Id.* at 1075 n.3.

According to Hanif's allegations, BOA became the Loan's servicer before the Loan went into default. Hanif alleges that he obtained the Loan in 2005, ECF 1 ¶ 5, and that BOA "became the servicer of Plaintiff's loan at some point after the loan was originated." ECF 1 ¶ 8. Hanif further alleges that "[o]n or about October 1, 2010," BOA asserted "that Mr. Hanif was in default." ECF 1 ¶ 10. Because Hanif has alleged that BOA became the Loan's servicer before the Loan was in default, BOA is not a debt collector under the FDCPA. The Court dismisses the FDCPA claim.[6]

---

[6] Even if BOA were a debt collector, Hanif has not alleged facts sufficient to show that the FDCPA prohibits BOA's alleged conduct. Hanif does not allege that BOA affirmatively made any false statements to him. Rather, Hanif alleges that BOA failed to communicate with him by not providing him monthly mortgage statements. The FDCPA obligates debt collectors to communicate with debtors by requiring them to make certain disclosures. For example, debt collectors must disclose that they are "attempting to collect a debt and that any information obtained will be used for that purpose," 15 U.S.C. § 1692e(11), and that the consumer has a

PAGE 9 – OPINION AND ORDER

**D. RESPA**

Hanif alleges that BOA violated RESPA by (1) failing to notify him of the status of the loan modification, (2) failing to notify him that his loan modification had been denied, (3) making a foreclosure referral while his loan modification was pending, and (4) failing to notify him that his Loan had been service transferred. ECF 1 ¶ 34. BOA argues that it is not liable to Hanif under any of these theories.

Regarding Hanif's first and second RESPA theories, BOA does not argue that it notified Hanif about the status of his loan modification or that his loan modification had been denied. Instead, BOA argues that it was not responsible for notifying Hanif because it service transferred Hanif's loan on April 16, 2015. BOA adds that April 16, 2015, is only one month after Hanif allegedly submitted his application, but BOA's argument misconstrues the Complaint. Hanif alleges that he applied for a loan modification between April 1, 2014, and March 11, 2015; that he sent "numerous" documents to BOA; and that the servicing rights to the Loan "were transferred" to Ditech between April 1, 2014, and May 23, 2016. ECF 1 ¶ 13, 15. Accepting as true Hanif's allegations and construing them in the light most favorable to him, Hanif could have submitted his application as early as April 1, 2014, and BOA could have ceased being the Loan's servicer as late as May 23, 2016. These dates are almost 26 months apart. Even BOA's proffered date of April 16, 2015, for the service transfer would have given BOA more than a year to process Hanif's loan modification application.

Regarding Hanif's third theory, BOA correctly argues that Hanif has alleged that Ditech, not BOA, made the foreclosure referral. ECF 1 ¶ 21. Hanif has not alleged how BOA could be

---

"right to dispute the debt or request the name and address of the original creditor," 15 U.S.C. § 1692g(b). Hanif has not alleged how BOA's failure to provide monthly mortgage statements violates either of these provisions or any other provision of the FDCPA.

PAGE 10 – OPINION AND ORDER

liable for a referral made by Ditech. Hanif's third theory of RESPA liability is dismissed against BOA.

Regarding Hanif's fourth theory, BOA argues that it notified Hanif on March 25, 2015, that it was making a service transfer. As discussed earlier, Hanif alleges that BOA did not notify him of the service transfer. The Court must take Hanif's allegation as true at this stage of the proceedings.

In summary, the Court grants BOA's motion to dismiss Hanif's RESPA claim against BOA solely with respect to Hanif's theory that BOA violated RESPA by making a foreclosure referral while Hanif's loan modification was pending. The Court denies BOA's motion to dismiss Hanif's RESPA claim in all other respects.

E.  TILA

Hanif alleges that BOA violated TILA by failing to provide periodic mortgage servicing statements from March 11, 2015, through June 21, 2016. ECF 1 ¶¶ 16, 36. TILA regulations provide that

> A servicer of a transaction subject to this section shall provide the consumer, for each billing cycle, a periodic statement . . . . A creditor or assignee that does not currently own the mortgage loan or the mortgage servicing rights is not subject to the requirement in this section to provide a periodic statement.

12 C.F.R. § 1026.41(a)(2). Additionally, the statement must be "delivered or placed in the mail within a reasonably prompt time after the payment due date or the end of any courtesy period provided for the previous billing cycle." *Id.* § 1026.41(b).

BOA argues that it did not violate TILA during the period from March 11, 2015, through June 21, 2016, because it transferred service rights to Ditech on April 16, 2015. As previously discussed, Hanif has alleged that the service rights "were transferred" as late as May 23, 2016. ECF 1 ¶ 15. BOA's argument to the contrary contradicts the Complaint. The Court holds that

PAGE 11 – OPINION AND ORDER

Hanif has stated a plausible claim for relief under TILA. For the period before May 23, 2016, Hanif plausibly alleges that BOA was required to provide a periodic mortgage servicing statement under TILA. Further, for at least the one month between May 23, 2016, and June 21, 2016, BOA could still plausibly have been required to provide a periodic statement for the month before May 23, 2016. Therefore, the Court denies BOA's motion to dismiss the TILA claim against it at this stage of the proceedings.

### F. Remaining Claims

BOA also moves to dismiss Hanif's unlawful trade practices and declaratory relief claims. Hanif responds that BOA is not a defendant to these claims. ECF 27 at 2. Accordingly, the Court dismisses Hanif's unlawful trade practices and declaratory relief claims against BOA. Finally, BOA moves to dismiss Hanif's claim entitled "mortgage accounting" on the grounds that a mortgage accounting is a remedy, not a claim. The Court agrees and notes that Hanif has requested mortgage accounting as a remedy. ECF 1 at 11. Accordingly, the Court dismisses Hanif's Eighth Claim as alleged against BOA.

### CONCLUSION

Defendant Bank of America's Motion to Dismiss Plaintiff's Complaint (ECF 22) and Request for Judicial Notice (ECF 23) are GRANTED IN PART and DENIED IN PART. If Plaintiff believes an amended pleading can cure the deficiencies identified, Plaintiff may file an Amended Complaint within two weeks.

**IT IS SO ORDERED**.

DATED this 20th day of December, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge